**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO.: 1:25-CV-00139-HBB**

**HOMESITE INSURANCE COMPANY OF THE MIDWEST** — **PLAINTIFF**

**VS.**

**JULIAN FITZPATRICK, et al** — **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Homesite Insurance Company of the Midwest ("Homesite") has moved for summary judgment at DN 26. The Defendants have not filed a Response, and their time for doing so has expired.

The Court adopts Homesite's statement of facts as unopposed:

> Homesite issued a homeowners' insurance policy to Julian and Tracy Fitzpatrick covering their home located at 211 Lowe Drive, Bowling Green, Kentucky 42103, with a policy number 36667880 (the "Homeowners' Policy" or "Policy"). (DN 1 at #3, ¶ 11; DN 6 at #80 ¶ 2; DN 10 at #94 ¶ 11.) The Policy provides for personal liability coverage but excludes "Bodily injury . . . arising out of or in connection with a 'business' . . . engaged in by an 'insured', whether or not the 'business' is owned or operated by an 'insured' or employs an 'insured'." (DN 1-1 at #32; DN 6 at #80 ¶ 2; DN 10 at #94 ¶¶ 11–16.) "Business" includes any activity for compensation or profit. (DN 1-1 at #44; DN 6 at #80 ¶ 2; DN 10 at #94–95 ¶¶ 11–16.)
>
> On December 9, 2024, Robert Madding filed suit in Warren Circuit Court, Civ. Action No. 24-CI-01874, against, inter alia, Julian Fitzpatrick d/b/a The Pit Stop Bar & Grill (the "Underlying Suit" or "Underlying Complaint"). (DN 1 at #5 ¶ 17; DN 10 at #95 ¶ 17.) The Underlying Complaint alleges that Fitzpatrick owned and operated The Pit Stop, that The Pit Stop, through its agents, sold alcohol to an intoxicated person that assaulted the plaintiff, and that The Pit Stop is liable under dram shop and negligence theories arising from the bar's operations. (DN 1-2 at #48–54 ¶¶ 3, 10, 11–37.) The Underlying Complaint further alleges that The Pit Stop "conducts business within Warren County, Kentucky." (Id. at #48, ¶ 3.)

(DN 26 at p. 2). Homesite argues that the policy in question excludes claims arising out of operating a business, and in this instance it is beyond question, based upon the Defendants' responses to discovery requests, that the Pit Stop Bar and Grill is a business operated by Defendant Fitzpatrick and Madding's claims arise as a consequence of that business operation. Homesite seeks declaration that the policy affords no coverage for Madding's claim and, further, that Homesite is not obligated to defend the Fitzpatrick and The Pit Stop Bar and Grill against his claim.

As noted, the Defendants have not filed a response in opposition to the motion. Local Rule 7.1 provides in relevant part that: "Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Nonetheless, the Court has considered Homesite's arguments, examined the policy provisions in question as well as the Defendants' discovery responses, and concludes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" under Fed. R. Civ. P. 56(a).

WHEREFORE Homesite Insurance Company of the Midwest's motion for summary judgment, DN 26, is **GRANTED** and judgment is entered in favor of Homesite Insurance Company of the Midwest. This is a final and appealable order and there is no just cause for delay.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

October 8, 2026

Copies: Counsel